PINDYCK v. MARWELL et al.

(Supreme Court, Appellate Term. May 18, 1911.)

FRAUDS, STATUTE OF (§ 113*)—CONTRACTS—TIME OF PERFORMANCE.

An agreement, signed by the parties, reading, "M. Bros. agree to deliver to P. 100 cases peas," etc., "at a price of $1.10," etc., satisfied the requirements of the statute of frauds, though it failed to state the time when the goods were to be delivered; it being evident that a reasonable time was intended.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 239–241; Dec. Dig. § 113.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Frank Pindyck against Israel Marwell and others, doing business as Marwell Bros. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Max Schleimer, for appellant.

Ruskay, Williams & Ruskay, for respondents.

SEABURY, J. This is an action to recover damages for the defendants' breach of an alleged contract to deliver peas. The answer pleaded the statute of frauds as an affirmative defense. Upon the trial, it appeared that the peas were sold under a written agreement, signed by the parties, which provided as follows:

"New York, June 10th, 1910.

"We Marwell Bros., 60 Washington Ave., Blyn.

"Agreement made this date between Marwell Bros. and Frank Pindyck. Marwell Bros. agree to deliver to F. Pindyck one hundred cases Wt. 1 extra sifted E. J. peas packed by the reliablest packers in state of New York at a price of $1.10 per dozen less 1½% cash in ten days. Some goods are to be 1910 packed.                                    Marwell Bros., by J. M.
                                                    "F. Pindyck."

It seems to us that this written instrument embodied all the terms of a valid contract, and that it was sufficient to satisfy the requirements of the statute of frauds. It is true tnat, in specific terms, it did not state the time when the goods were to be delivered. In the absence of such a provision, it is evident that the parties contracted that the goods should be delivered within a reasonable time. The delivery was merely an incident to the transaction, which was complete as a legal contract when the agreement was signed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes